1              IN THE UNITED STATES DISTRICT COURT

2             FOR THE WESTERN DISTRICT OF TEXAS

3                        WACO DIVISION

4  UNITED STATES OF AMERICA      *
                                 *
5                                *
   VS.                           * CRIMINAL ACTION NO. W-07-CR-107
6                                *
   KENNETH ERIC WATSON           *    August 13, 2008
7
       BEFORE THE HONORABLE WALTER S. SMITH, JR., JUDGE PRESIDING
8                       SENTENCING PROCEEDINGS

9  APPEARANCES:

10 For the Government:         Mark Frazier, Esq.
                               Assistant United States Attorney
11                             PO Box 828
                               Waco, Texas  76701
12
   For the Defendant:          Phil A. Martinez, Esq.
13                             Norwest Bank Plaza
                               1105 Wooded Acres Dr., Suite 630
14                             Waco, Texas  76710

15 Court Reporter:             Kristie M. Davis
                               United States District Court
16                             PO Box 20994
                               Waco, Texas  76702-0994

17

18      Proceedings recorded by mechanical stenography, transcript

19 produced by computer-aided transcription.

20

21

22

23

24

25

1    (August 13, 2008, 1:14, defendant present.)

2        MS. WILLIS:  Sentencing proceedings in Criminal Action
3    No. W-07-CR-107 styled United States of America vs. Kenneth
4    Eric Watson.

5        MR. FRAZIER:  Mark Frazier for the United States.

6        MR. MARTINEZ:  Phil Martinez for Mr. Watson, Your Honor.

7        THE COURT:  Good afternoon, Mr. Martinez.

8        MR. MARTINEZ:  Afternoon.

9        THE COURT:  Mr. Watson, you appeared before the Court on
10   January the 10th of 2008 and entered a guilty plea.  You're
11   here this afternoon for sentencing.  Have you had an
12   opportunity to review the presentence report in your case?

13       THE DEFENDANT:  Yes, sir.

14       THE COURT:  Have you read it and discussed it with
15   Mr. Martinez?

16       THE DEFENDANT:  Yes, sir.

17       THE COURT:  He has filed objections on your behalf.  Do
18   you have any comments or corrections to the report that would
19   be in addition to those matters he's filed for you?

20       THE DEFENDANT:  No, sir.

21       THE COURT:  What matters need to be ruled on,
22   Mr. Martinez?

23       MR. MARTINEZ:  Your Honor, before we get started, I'd
24   already informed the prosecutor as well as going over this with
25   my client Mr. Watson.  Any objections that deal with the drug

1 amounts we are waiving those amounts.  Through debriefings,
2 through the investigations of the officers, we believe the
3 amounts are appropriate with regards to the presentence report.
4 Basically what we're here for, Your Honor --
5     THE COURT:  That would take care of Objections 1 and 2
6 then?
7     MR. MARTINEZ:  Yes, sir.  Yes, sir.
8     THE COURT:  All right.
9     MR. MARTINEZ:  That's correct.  1, 2 and I believe No. 3.
10     THE COURT:  All right.
11     MR. MARTINEZ:  What I did file some objections on behalf
12 of Mr. Watson and they're more just for argument to the Court,
13 Your Honor, regarding the obstruction of justice, the
14 acceptance of responsibility and the issue dealing with -- with
15 the adjustments for the role in the offense.  With regards
16 to -- and I'll take the adjustments for the role in the offense
17 and argue that.  The presentence report places a four point
18 enhancement on Mr. Watson because of his adjustment for the
19 role in an offense.  What it indicates is that Mr. Watson was a
20 leader of a narcotics trafficking organization who exercised
21 decision-making authority, claiming a right to a larger share
22 of the fruits of the crime and participated to a greater degree
23 of the planning or organizing of his drug trafficking business
24 and therefore they say it -- that enhancement should apply.
25 What Mr. Watson takes issue with is the fact that the only

1 person that was charged in this offense was Ernest Smith.  Dana
2 Powell, Chastity Shelton, Marcus McAllen, they were not charged
3 with it.  Now, I do understand as far as the law that they can
4 place other persons in a conspiracy and that can be part of the
5 conspiracy, but what he is -- what he's alleging was that, yes,
6 he was involved in traffics -- trafficking of narcotics in Bell
7 County.  I mean, he got the cocaine from the Houston area.  We
8 debriefed with Houston law enforcement officials at the end of
9 June.  He told them the two persons that he was getting the
10 cocaine from.  He also informed them that he was acting solely
11 on his own.  Any profits he received from selling the cocaines
12 in the Bell County area he -- he got all the fruits of the
13 crime, not anybody else.  He didn't share in any proceeds with
14 the other persons there.
15     As far as a greater degree in the planning or organizing,
16 I mean, what he'd do is he'd go down to Houston.  They'd have a
17 car ready.  He'd get the cocaine and bring it back.  That's
18 what he debriefed with.  And in fact there's an open
19 investigation in the Houston area pertaining to the two
20 individuals that Mr. Watson was getting the cocaine from.
21     Now, these other persons that were named after this
22 offense, I mean, they helped gather some clothing, get it to
23 him in the Houston area where he was living at that point in
24 time, but as far as them being part of some big organization,
25 he just claims that's not true.

1    Now, that leads -- now, that leads to the obstruction of
2 justice.  They put two points on there.  You know, Mr. Watson
3 has asked me not to argue that point.  I mean, he was living in
4 the Houston area.  He admits that he had a new identity;
5 however, I did look in 3C1 obstruction or repeated
6 administration and it could fall in there.  It could also fall
7 under 3C1.2, Application 5 where this might be a conduct that's
8 not ordinarily covered by this particular section, but in any
9 event, that's what I'm asking the Court to do is not apply that
10 two point enhancement but to put this conduct or to use this
11 conduct and -- within the appropriate guideline range that you
12 might consider today and then sentence him on the higher end of
13 the guideline without giving him the two point enhancement.
14    As far as acceptance of responsibility, Your Honor, you
15 know, there was never any discussions with the previous
16 prosecutor about us going to trial on that.  Mr. Watson, he and
17 I talked about the cases, any defense he may have to this case.
18 We were always of the agreement that we were going to plead
19 guilty to this offense.  So the government was never placed in
20 a situation where they had to prepare for trial or they had to
21 get witnesses ready or anything of that amount.  We weren't
22 going to put them to the task of getting ready for trial.  He
23 accepted his responsibility.  He debriefed two times with law
24 enforcement officials from -- one from Bell County and then the
25 Bell County officers got the officers from Houston to come up.

1  We debriefed with the Houston officers.  We told the
2  presentence officer that he accepted full responsibility for
3  his actions, but we did everything within our side to show the
4  Court that we were accepting full responsibility.  The
5  presentence report states, however, because the obstruction of
6  justice is applied that acceptance of responsibility cannot
7  be -- or you cannot apply the acceptance of responsibility
8  because the obstruction of justice was applied on his case and
9  that because this is not an extraordinary case he doesn't get
10 it.  I'd argue just as far as an extraordinary case, you know,
11 it may or it may not fall within it, but I will state once he
12 was apprehended in Houston he wasn't aware that the federal
13 charges were pending.  He went back to Bell County and then got
14 transferred to Waco where then he was found that the federal
15 charges were pending against him.  But from the very beginning
16 of the charges against him he was accepting responsibility on
17 his behalf.
18        THE COURT:  Mr. Frazier?
19        MR. FRAZIER:  I'll start with the objection that Counsel
20 started with, the one regarding the role in the offense.  It's
21 the government's contention that because not only were so many
22 people.  There were at least five.  There are four mentioned in
23 the response to the presentence report, but there are at least
24 two others, a person named Brooks and a person named Eddie or
25 Eddie Moore that were also identified just in the cell that was

1 distributing cocaine in Killeen, Texas. One thing to keep in
2 mind is that there were at least two other -- I don't want to
3 call them cells but groups distributing cocaine that came from
4 this defendant in Houston, Texas and also in Austin, Texas and
5 it was an extensive organization and certainly this defendant
6 as by -- if I understand what Counsel has stated, claimed the
7 greater right to share the profits because he made the money
8 off of it, but these individuals were indispensable for him
9 because they were his distribution network. They were the
10 individuals who were responsible for actual distribution of the
11 cocaine that generated the income working on his behalf. The
12 best evidence of that is what happened after this defendant
13 fled from police the night that he basically went on a fugitive
14 status where he directed two individuals to go to his house to
15 get clothing, to get items out of the house before the police
16 searched it with a search warrant later on that day. That was
17 at his direction that was done. And the -- certainly under
18 either five or more participants involved or that the
19 organization is otherwise extensive or that the defendant was
20 able to claim a greater right to the profits made from the
21 cocaine, any one of those theories under 3B1.1 would justify
22 the four level enhancement for this defendant based on what's
23 set out in the presentence report, and factually that's not
24 being disputed as far as the facts are concerned.
25     As to the second objection dealing with the obstruction of

1  justice, this fits almost exactly under 3C1.1, Application
2  Notes C and D as to conduct that would ordinarily be considered
3  conduct to which this adjustment would apply.  First under
4  3C1.1, Application Note 4C, producing or attempting to produce
5  false, altered or counterfeited documents or record during an
6  official investigation or judicial proceeding.  After this
7  defendant ran, he left the area and he applied for and received
8  a Florida driver's license under a false name and was living
9  under that in Houston, Texas for a ten month period until --
10 before he was tracked down and identified by law enforcement as
11 the defendant Kenneth Watson when a search warrant was executed
12 there.
13      Secondly, destroying or -- this is under 3C1.1,
14 Application Note 4D.  Destroying or concealing or directing or
15 procuring another person to destroy or conceal evidence is
16 material to official investigation.  Again, as mentioned
17 earlier, two individuals were sent by this defendant to his
18 home after he -- after he ran from police and to remove items
19 from his home.  And that includes bank records, receipts, a
20 laptop computer and other items as well before the police
21 actually executed a search warrant at that residence.  Those
22 are two factors which would justify that.
23      And, secondly, acceptance of responsibility flows from
24 that.  Certainly this defendant has debriefed with law
25 enforcement, but Counsel is aware and can correct me if I'm

1  wrong that at this point none of the information provided by
2  the defendant is capable of being used by law enforcement for
3  any reason.  And, second of all, this is not such an
4  extraordinary case that would justify acceptance especially in
5  light of the fact that the defendant was on the land for ten
6  months living under an assumed name.
7       So the government's position is that the role in the
8  offense, the acceptance of responsibility and obstruction
9  enhancements have been appropriately applied by the probation
10 office.  That's all we have.
11      THE COURT:  Mr. Watson, would you have anything you would
12 like to say in your own behalf or in mitigation of punishment?
13      THE DEFENDANT:  Yes, sir.  First of all, the first
14 argument that my attorney made which was the leadership role.
15 Sir, I am not an organizer of an organization.  My codefendant
16 Ernest Smith, I have never conspired with this man.  I know
17 this man having been around him an equivalent of an hour of my
18 whole life.  True enough I've sold drugs and I take full
19 responsibility for that, but if there's a such thing as a
20 relationship between the person that you sell drugs to and a
21 person that buys them without conspiracy, then that's what I'm
22 guilty of.  I've never sat, shared profits with Ernest or
23 shared profits with anybody to my selling drugs.  I buy drugs
24 and I sell drugs.
25      As far as this being an extensive organization, Your

1    Honor, if you would look at the case -- the case I have one
2    codefendant in a conspiracy.  They say that there's other sales
3    in Austin and Houston.  Well, if I conspired with Ernest, one
4    of those sales would be named.  There is no Austin and Houston
5    names in my PSI, nor is there any -- none of my confidential
6    witnesses state any names of any other sales outside of Bell
7    County.  Yes, sir.  I -- and as far as the people that they
8    listed as me organizing, one of them's my niece.  One of them's
9    my cousin.  There's Ernest Smith.  And now I do admit one
10   person in that list Dana Powell.  I did sell drugs to her.
11   I've never sold drugs to Ernest Smith.  I've never sat and
12   conspired and shared profits with him, and if that's the case,
13   he would have been able to name other people out of state,
14   other people in the city and so forth that they said that I
15   have an organization.  There is -- my PSI does not structure an
16   organization outside of relatives and Ernest Smith, sir.
17         THE COURT:  There's nothing that can -- there's nothing
18   that exempts relatives from being involved.
19         THE DEFENDANT:  Yes, sir.  I know it involved, but it's
20   not stating that they were criminally involved and I'm charged
21   with a conspiracy of five or more keys.  In this PSI it doesn't
22   incriminate them in the movement of keys.  I tell one relative
23   to go to my house and get some clothes out of my house because
24   I was on the land.  He takes somebody else with him.  That
25   person is now in the conspiracy and it -- in the PSI it states

1  that he says that I sent him for clothes.  Any other thing that
2  they grabbed was not up under my instructions and I sent one
3  relative to get me some clothes out of my house and that's what
4  the PSI state.  It doesn't state that he was involved in moving
5  kilos, sir.
6      THE COURT:  I understand all that.
7      THE DEFENDANT:  Yes, sir.
8      THE COURT:  Mr. Martinez, do you know of any legal reason
9  why sentence should not be imposed in this case?
10     MR. MARTINEZ:  Your Honor, I do not.  Just one second.  He
11 may -- and it may just take a minute.
12     (Conference between Mr. Martinez and the defendant.)
13     THE DEFENDANT:  And I'd like to take a moment for
14 acceptance of -- to talk about the acceptance of
15 responsibility.  First of all, I'm not really arguing the
16 adjustment for obstruction of justice, but from the time that
17 I've been arrested I've accepted full responsibility for my
18 activity and in front of you I'm stating that I accept full
19 responsibility of my activity.  I'm not innocent.  What I'm
20 saying is that I didn't conspire and I also debriefed several
21 times with law officials.  The first time before the PSI was
22 done an equivalent of three hours I sat and debriefed with Bell
23 County law enforcement.  And the second with Houston PD and
24 Bell County law enforcement for an equivalent of an hour.  They
25 say that no information was given was useful, but there's a

1  pending investigation.  So I say that I did take full
2  responsibility.
3       MR. MARTINEZ:  He is correct, Your Honor.  There is an
4  investigation with the two parties that he received the cocaine
5  from in Houston.  He gave them the information of where they
6  hang out, the residence they could possibly be at.  All I know
7  at this time is that's still under investigation.  I relayed
8  that information to Mr. Frazier and I think the law enforcement
9  officials have also done that, but that's an ongoing
10 investigation; therefore, there's no 5K1.  What we're hoping
11 that that investigation leads to is some arrests that the Court
12 may consider that.
13      But just to stress one point before sentence is imposed,
14 Your Honor, I mean, Mr. Watson is accepting full
15 responsibilities for his actions and the amounts of cocaine
16 that were distributed is accurate in the PSI and he does not
17 deny that part of it, but that's what we would leave you with
18 at this point in time.
19      THE COURT:  Well, the Court would find that the
20 obstruction of justice designation was properly applied.  This
21 is not that kind of extremely unusual case that would allow
22 acceptance of responsibility and obstruction of justice.  All
23 the objections will thus be overruled.  That results in a range
24 of 360 months to life.  As to Count One the Court will impose a
25 period of incarceration of 360 months; as to Count Two 360

1  months to run concurrently with Counts One and Four; as to
2  Count Three 60 months to run consecutively to counts One, Two
3  and Four; and as to Count Four 120 months to run concurrently
4  to the other counts.  There would be a $100 mandatory
5  assessment under each count for a total of $400.  The Court
6  will impose a $1,000 fine as to each count for a total fine of
7  $4,000.
8      MR. MARTINEZ:  Judge, if I may add something else.
9      THE COURT:  Yes, sir.
10     MR. MARTINEZ:  At this point in time the reason that there
11 were some continuances made in this case throughout is I sort
12 of went above and beyond the court appointed duties, but in the
13 Southern District there was a case pending.  Through
14 conversations down there the Southern District has agreed not
15 to pursue any charges against Mr. Watson in that case.  I
16 finally have talked to the Bell County District Attorney's
17 office regarding the case arising from this.  They finally
18 informed me this morning that they would not pursue those
19 charges against him as far as any state charges.  Well, my --
20 I'm getting to my issue.  My issue is is that he was writted
21 over here from Bell County and he's been here in Waco for a
22 year, and as a result of that writ he hasn't gotten any type of
23 credit for this federal sentence, and since Bell County's going
24 to drop their charge, I was hoping that the Court -- if you
25 could do something is to allow him to get credit from the time

1  that he's been over here in Waco on that writ.
2          THE COURT:  It would seem to me that the fact that the
3  Southern District and Bell County are dismissing all charges
4  against him would be some credit.
5          MR. MARTINEZ:  I agree with that, Judge, but I wanted to
6  present that to the Court.
7          THE COURT:  Well, I'm going to decline to do that.
8          Mr. Watson, you have the right to appeal this matter.  If
9  you desire to do that, you should give notice of appeal within
10 ten days of the entry of judgment.  If you're unable to pay the
11 cost of an appeal or to hire an attorney to represent you in
12 that endeavor, you should move to proceed in forma pauperis and
13 you should do that within the same ten-day period.
14         The clerk has for you now a letter setting forth your
15 rights in that regard in detail.
16         Any counts to be dismissed, Mr. Frazier?
17         MR. FRAZIER:  Yes, Your Honor.  The government moves to
18 dismiss the remaining counts of the indictment to which this
19 defendant did not enter a plea.
20         THE COURT:  Mr. Watson, I forgot to mention that at the
21 completion of the service of incarceration there would be five
22 years of supervised release as to Counts One, Two and Three and
23 three years of supervised release as to Count Four all to be
24 served concurrently.
25         Now we're done.

1      Thank you, Mr. Martinez.
2          MR. MARTINEZ:  Thank you, Your Honor.
3          THE COURT:  Or do you have any requests, Mr. Martinez?
4          MR. MARTINEZ:  In the Northern region, Oklahoma, Your
5  Honor, if he can -- he has relatives I think in the Dallas/Fort
6  Worth area.
7          THE COURT:  I'll make that recommendation.
8          (Hearing adjourned at 1:37.)

1  UNITED STATES DISTRICT COURT  )

2  WESTERN DISTRICT OF TEXAS     )

3

4       I, Kristie M. Davis, Official Court Reporter for the

5  United States District Court, Western District of Texas, do

6  certify that the foregoing is a correct transcript from the

7  record of proceedings in the above-entitled matter.

8       I certify that the transcript fees and format comply with

9  those prescribed by the Court and Judicial Conference of the

10 United States.

11      Certified to by me this 25th day of August 2008.

12
                                */s/ Kristie M. Davis*
13                              KRISTIE M. DAVIS
                                Official Court Reporter
14                              P.O. Box 20994
                                Waco, Texas  76702-0994
15                              Telephone No.:  (254) 754-7444
                                kmdaviscsr@sbcglobal.net
16

17

18

19

20

21

22

23

24

25